## IN THE UNITED STATES DISTRICT COURT FOR THE
## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **GRACE WILLIAMSON, Individually and on Behalf of All Others Similarly Situated,** | § CIVIL ACTION NO. <br> § <br> § <br> § |
| **Plaintiff,** | § COLLECTIVE ACTION <br> § |
| **vs.** | § <br> § |
| **SPARKLE AND SWAG, LLC and Z EVENT COMPANY, LLC** <br> **Defendants.** | § <br> § <br> § JURY TRIAL DEMANDED <br> § |

## INDIVIDUAL AND COLLECTIVE ACTION COMPLAINT
## UNDER THE FAIR LABOR STANDARDS ACT

### NATURE OF THE ACTION

1. Plaintiff Grace Williamson brings this civil action pursuant to the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §201 *et seq.* (the "FLSA" or the "Act") on behalf of herself and on behalf of all those similarly situated, to recover unpaid overtime compensation/back wages (29 U.S.C. §§ 207, 216), an additional equal amount as liquidated damages (29 U.S.C. §216), attorneys' fees and costs (29 U.S.C. §216), and pre- and post-judgment interest.

2. Plaintiff Grace Williamson and Putative Class/Collective Plaintiffs are current and/or former employees who worked for Defendants and were misclassified as exempt employees when, in fact, they were nonexempt employees.

3. Plaintiff Grace Williamson brings this action on behalf of herself and on behalf of all those similarly situated, seeking to recover unpaid back wages, liquidated damages, attorneys' fees, costs, pre- and post-judgment interest.

1

4.  This case implicates Defendants' policy of misclassifying employees as exempt in an effort to avoid liability for the payment of overtime wages under the FLSA.

5.  Defendants have violated the FLSA within the past three years by misclassifying their employees as exempt employees and not paying overtime for hours worked over 40 hours per week.

6.  Plaintiff, as the putative collective/class representative, seeks certification of this suit as a collective action (opt-in class action) on behalf of all current and former misclassified employees of Defendants who were not paid overtime when they worked in excess of forty (40) hours per week (collectively referred to as the "Similarly Situated Misclassified Employees").

## THE PARTIES

7.  Plaintiff, **Grace Williamson** ("Plaintiff Williamson"), is a person of the full age of majority who resides in New Orleans, Louisiana. Plaintiff Williamson first started working for Defendants as a member of their event plan and design team in or about January 2022.

8.  Defendant, **Sparkle and Swag, LLC** ("Sparkle & Swag"), is a Louisiana limited liability company, which maintains a presence and corporate address in New Orleans, Louisiana.

9.  Defendant, **Z Event Company, L.L.C.** ("Z Event"), is a Louisiana limited liability company, which maintains a presence and corporate address in Metairie, Louisiana.

10. Defendants are an integrated enterprise and joint employers of Plaintiff Williamson and all other Similarly Situated Misclassified Employees.

2

## JURISDICTION AND VENUE

11. Jurisdiction is proper in this court pursuant to 28 U.S.C. §1131 (federal question jurisdiction) and 29 U.S.C. § 216(b) (jurisdiction over an action to recover the liability prescribed under the FLSA).

12. Defendants are located in New Orleans, Louisiana, and Metairie, Louisiana. Therefore, this action is within the jurisdiction of the United States District Court for the Eastern District of Louisiana and venue is proper in the Eastern District of Louisiana.

13. Venue is proper in this Court under 28 U.S.C. §§ 1391(b)(2) because a substantial part of the events giving rise to the claim occurred within this district.

14. Defendants were each individual and joint employers of Plaintiff Williamson and all other Similarly Situated Misclassified Plaintiffs within the meaning of the FLSA.

## ENTERPRISE AND INDIVIDUAL FLSA COVERAGE

15. At all relevant times, Defendants have engaged in related activities performed through unified operation or common control for a common business purpose; have employees engaged in interstate commerce or in the production of goods or services for interstate commerce, or employees handling, receiving, selling or otherwise working on goods or material that have been moved in or produced for interstate commerce; and have an annual gross volume of sales made or business done of not less than $500,000. Defendants therefore constitute an enterprise engaged in interstate commerce or in the production of goods or services for interstate commerce within the meaning of the FLSA (29 U.S.C. §203(r) & (s)).

16. The Defendants constitute a single enterprise under 29 U.S.C. § 203(r) because it is an integrated enterprise and/or performs related activities for a common business purpose.

17. Defendants engage in activities related to event and party planning.

18. Defendants operate subject to common management, supervision, and control.

19. Defendants have a unified operation, with each of the entities working together to offer event and party planning products and services in the New Orleans area market.

20. Defendants are an integrated enterprise and their entities are joint employers of Plaintiffs and all other Similarly Situated Misclassified Plaintiffs.

21. Defendants, formally or as a matter of practice, jointly determine, share or allocate the ability to direct, control or supervise Plaintiff Williamson and all other Similarly Situated Misclassified Plaintiffs, by both direct and indirect means.

22. The relationship between the Defendants is permanent and longstanding.

23. In connection with their employment with the Defendants, Plaintiff Williamson and all other Similarly Situated Misclassified Plaintiffs engaged in interstate commerce within the meaning of FLSA (29 U.S.C. §§ 206(a) & 207(a)(1)).

## BACKGROUND AND STATEMENT OF CLAIMS

24. Plaintiff Williamson and the other Similarly Situated Misclassified Employees were not paid time and a half for overtime work.

25. Plaintiff Williamson was employed by Defendants from about January 2022 until on or about April 7, 2025.

26. In January 2022, Plaintiff Williamson was hired and employed by Sparkle & Swag as a member of its event plan and design team.

27. Sparkle & Swag touts itself as a full-service event planning and design company.

28. Susan Zackin is the principal of Sparkle & Swag.

29. Oftentimes, Plaintiff Williamson was not compensated at an overtime rate for the amount of time she worked over 40 hours per week for Sparkle & Swag, in violation of the FLSA.

30. Sparkle & Swag would often refer/shift customers to its sister party planning company, Z Event.

31. Z Event is a wedding and party planning service.

32. According to the Z Event website: "From intimate private affairs to large scale corporate events. We specialize in luxury weddings and celebrations that are unique and unforgettable."

33. Oftentimes, Plaintiff Williamson would attend the events/parties that were planned by Z Events as the on-site representative of Z Events.

34. Susan Zackin is the principal of Z Events.

35. The events that were planned by Z Events would often take place after traditional work hours and/or on the weekends.

36. Plaintiff Williamson was required by her boss at Sparkle & Swag, Susan Zackin, to attend the Z Events parties.

37. Oftentimes, Plaintiff Williamson was not compensated at an overtime rate for the amount of time she worked over 40 hours per week, in violation of the FLSA.

**Substantial Overtime Worked Without Overtime Pay.**

38. Plaintiff Williamson and the other Similarly Situated Misclassified Employees typically worked over forty hours each workweek, with overtime hours estimated at a minimum

of five (5) hours during slow weeks, fifteen to twenty (15-20) hours during average weeks, and thirty to forty-five (30-45) hours during busier weeks.

39. From February 2023 until her termination in April 2025, Defendants never paid Plaintiff any overtime pay and upon information and belief never paid any other Similarly Situated Misclassified Employees any overtime pay during that time period.

40. Defendants knew or should have known they were required by the FLSA to pay an additional one and one-half premium rate for the overtime work of Plaintiff and the other Similarly Situated Misclassified Employees.

41. Defendants willfully failed to pay Plaintiff Williamson and the other Similarly Situated Misclassified Employees any overtime.

42. The failure to pay overtime was a violation of the FLSA, including §§ 207(a) and 215(a)(2).

## MISCLASSIFIED EMPLOYEES
## COLLECTIVE ACTION ALLEGATIONS

43. Plaintiff Williamson hereby adopts and incorporates by reference all of the foregoing paragraphs, allegations and Exhibits, as if set forth herein again.

44. There is a collective/class of approximately ten (10) other Similarly Situated Misclassified Employees who formerly or currently work for Defendants and have performed work similar to Plaintiff Williamson within the past three years.

45. Plaintiff Williamson and the Similarly Situated Misclassified Employees were paid straight time without overtime pay, thus requiring overtime due at a rate of an additional one and one-half times the regular rate of pay for all hours worked in excess of forty (40) hours in each workweek.

46. Plaintiff Williamson and the other Similarly Situated Misclassified Employees have consistently worked more than forty (40) hours in most workweeks within the past three years.

47. Plaintiff Williamson and the other Similarly Situated Misclassified Employees have not been paid for overtime at one and one-half times the regular rate of pay for hours worked in excess of forty (40) hours in most workweeks within the past three years.

48. Plaintiff Williamson and the Similarly Situated Misclassified Employees are entitled to payment of overtime at the rate of an additional one and one-half times their regular rate of pay for their overtime work within the past three years.

49. Plaintiff Williamson and the other Similarly Situated Misclassified Employees on whose behalf this lawsuit is brought include all present and former misclassified employees of Defendants within the past three years. These individuals have been subject to the same policies and practices as Plaintiff Williamson regarding non-payment of overtime wages at an additional one and one-half times their regular rate of pay.

50. Defendants have violated 29 U.S.C. §207 of the FLSA by failing to pay Plaintiff Williamson, and the other Similarly Situated Misclassified Employees, overtime compensation required by the FLSA in workweeks in which they worked in excess of forty (40) hours.

51. Defendants' violations have been willful.

52. There are questions of law and fact common to the class/collective.

53. The claims or defenses of the representative, Plaintiff Williamson, are typical of the claims or defense of the class/collective of Similarly Situated Misclassified Employees.

54. The representative, Plaintiff Williamson, will fairly and adequately protect the interests of the collective/class.

55. Prosecuting this case as a class/collective action for similarly situated employees who have been unlawfully denied overtime wages will promote judicial efficiency and will best protect the interests of the class/collective members.

56. There are no conflicts of interest among the class/collective members.

57. Counsel for the Plaintiff Williamson, Martzell, Bickford & Centola, APC, is knowledgeable and experienced in the field of employment law (specifically including overtime claims under the FLSA), class/collective actions, and complex litigation, and can and will fairly and competently represent the interests of all class/collective members.

58. Counsel for Plaintiff Williamson has and will commit the human and financial resources necessary to represent the class/collective.

59. Plaintiff Williamson's written Consent to initiate and join in this action as a party plaintiff is attached as **Exhibit A** and incorporated by this reference.

**CAUSE OF ACTION:**
**MISCLASSIFIED EMPLOYEES UNPAID OVERTIME**
**- FAIR LABOR STANDARDS ACT (FLSA)**
**<u>/INDIVIDUAL AND COLLECTIVE</u>**
**<u>ACTION</u>**

60. Plaintiff Williamson hereby adopts and incorporates by reference all of the foregoing paragraphs, allegations, and Exhibits, as if set forth herein again.

61. The FLSA applied to Plaintiff Williamson's and the other Similarly Situated Misclassified Employees' employment with Defendants at all times relevant herein.

62. Plaintiff Williamson and the other Similarly Situated Misclassified Employees are entitled to overtime at a rate of an additional one and one-half times their regular rate of pay for all hours worked in excess of forty (40) hours per workweek.

63. Plaintiff Williamson and the other Similarly Situated Misclassified Employees have worked in excess of forty (40) hours in most workweeks within the past three years.

64. Defendants have failed to pay overtime to Plaintiff Williamson, and the other Similarly Situated Misclassified Employees, for hours worked in excess of forty (40) hours in a workweek within the past three years in violation of the FLSA. See 29 U.S.C. §207(a)(1).

65. None of the exemptions provided by the FLSA regulating the duty of employers to pay overtime at a rate of not less than one and one-half times the regular rate at which its employees are employed are applicable to Defendants or the Plaintiffs.

66. Plaintiff Williamson and all other Similarly Situated Misclassified Employees are entitled to recover their unpaid overtime compensation.

67. Plaintiff Williamson and all other Similarly Situated Misclassified Employees were damaged in an amount to be proved at trial as a result of Defendants' violation of 29 U.S.C. §207.

## WILLFULNESS

68. The foregoing paragraphs are incorporated herein as if set forth in their entirety.

69. Defendants' failure to pay Plaintiff Williamson and all other Similarly Situated Misclassified Employees overtime was willful and was not based on good faith and reasonable belief that its conduct complied with the FLSA. Defendants were aware of the FLSA's requirement that all non-exempt employees be paid time-and-a-half their

regular rate of pay for all hours worked in excess of 40 hours in a workweek.

70. Defendants were aware of the specific job duties of Plaintiff Williamson and all other Similarly Situated Misclassified Employees and were aware that those duties did not fit within any exemption to the FLSA's requirement for overtime pay.

71. Defendants knew or showed reckless disregard for the proper classification of Plaintiff Williamson and all other Similarly Situated Misclassified Employees when the Defendants classified them as exempt from overtime pay under the FLSA.

72. Defendants willfully misclassified the positions of Plaintiff Williamson and all other Similarly Situated Misclassified Employees as exempt, thus requiring Defendants to pay interest and liquidated damages to Plaintiff Williamson and the other Similarly Situated Misclassified Employees.

## DAMAGES, ATTORNEYS' FEES AND COSTS

73. Plaintiff Williamson and all other Similarly Situated Misclassified Employees are entitled to recover their unpaid overtime compensation.

74. Plaintiff Williamson and all other Similarly Situated Misclassified Employees are entitled to additional amounts equal to their unpaid overtime compensation as liquidated damages. See 29 U.S.C. § 216(b).

75. Plaintiff Williamson and all other Similarly Situated Misclassified Employees are entitled to recover their attorneys' fees and costs. See 29 U.S.C. § 216(b).

## JURY DEMAND

76. Plaintiffs demand a trial by jury herein on all claims.

## PRAYER

WHEREFORE, Plaintiff Grace Williamson, through her undersigned counsel,

respectfully requests the following relief on behalf of herself and on behalf of all other Similarly

Situated Misclassified Employees:

A. That, upon proper motion, the Court enter an order certifying this suit as a collective action (opt-in class action) under 29 U.S.C. §216(b) on behalf of all current and former misclassified employees of Defendants within the past three years, and that notice of the opportunity to join this suit be distributed to all putative class/collective members;

B. That the Court declare the rights and duties of the parties consistent with the relief sought herein;

C. That the Court order Defendants to make Plaintiff Williamson and all other Similarly Situated Misclassified Employees whole by paying the overtime wages due;

D. That the Court order Defendants to pay pre-judgment and post-judgment interest on all wages owed;

E. That the Court order Defendants to pay equal amounts of all owed wages as liquidated damages as allowed under the FLSA;

F. That the Court order Defendants to make proper payments of all Federal withholdings and taxes to the Internal Revenue Service;

G. That the Court order Defendants to pay costs and attorneys' fees incurred by Plaintiff Williamson and the other Similarly Situated Misclassified Employees; and

H. That the Court grant such further relief as the Court deems necessary and proper.

I. That a jury be impaneled to try this case.

**RESPECTFULLY SUBMITTED,**

*/s/Jason Z. Landry*
LAWRENCE J. CENTOLA, III (27402)
ljc@mbfirm.com
JASON Z. LANDRY (33932)
jzl@mbfirm.com
**MARTZELL, BICKFORD & CENTOLA**
338 Lafayette Street
New Orleans, Louisiana 70130

11

Telephone:   (504) 581-9065
Facsimile:   (504) 581-7635

ATTORNEYS FOR PLAINTIFFS